[J-2-2024] [MO: McCaffery, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 87 MAP 2023 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 386 MDA |
| | : | 2022 entered on October 20, 2022, |
| v. | : | Vacating and Remanding the PCRA |
| | : | Order of the York County Court of |
| | : | Common Pleas at No. CP- 67-CR- |
| RASHAAN LONDALE GREER, | : | 0005885-2010 entered on January |
| | : | 21, 2022 |
| Appellee | : | |
| | : | SUBMITTED: January 2, 2024 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE DONOHUE**                                              **DECIDED: June 6, 2024**

Although I agree with the Majority's conclusion that the Superior Court did not err in refusing to assess the issues raised in Rashaan Londale Greer's merits brief before that court, I disagree with its decisions to reverse the order of the Superior Court and order it to remand this matter to the PCRA[1] court for the sole purpose of conducting a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

In this appeal from the order denying Greer's first PCRA petition, Greer indicated before the Superior Court his desire to raise ineffective assistance of counsel ("IAC") claims against his PCRA counsel, Anthony J. Tambourino, Esquire, while Attorney Tambourino was still representing Greer. Recognizing that he could not raise his own ineffectiveness, Attorney Tambourino filed a petition for remand for the appointment of new counsel, but the Superior Court deferred a decision on the remand application to the

---

[1]  Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

merits panel after the court had already issued a briefing schedule. The merits panel vacated the PCRA court's order and remanded to the PCRA court without addressing the merits of any claims in Greer's brief and instructed the PCRA court to appoint new PCRA counsel to assist Greer in raising his PCRA-counsel ineffectiveness claims. *See Commonwealth v. Greer*, 386 MDA 2022, 2022 WL 11514559 (Pa. Super. Oct. 20, 2022) (non-precedential decision).

After the Commonwealth's failed attempt to seek reargument of that decision in the Superior Court, this Court granted review of the following question:

> Whether a court on appeal should rule on the merits of an existing appeal of a PCRA court order before remanding a case where a PCRA petitioner raised new/additional layered claims of PCRA counsel's ineffectiveness pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), for the first time before the appellate court, where there were issues of merit that could have been disposed of prior to remand for new issues.

*Commonwealth v. Greer*, 303 A.3d 1053 (Pa. 2023) (per curiam) (brackets omitted, citation reformatted).

The Commonwealth argues that, when confronted with new IAC claims directed at PCRA counsel for the first time on appeal, *Bradley*, in conjunction with *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977), **requires** the appellate court to first address all issues "if it can do so prior to remanding the case to the PCRA court to hold an evidentiary hearing on issues concerning the stewardship of PCRA counsel." Commonwealth's Brief at 12. The Majority rejects this argument, correctly distinguishing both *Hubbard* and *Commonwealth v. Clemmons*, 479 A.2d 955 (Pa. 1984), a *Hubbard*-era decision.[2] I fully

---

[2] *See* Majority Op. at 7 (stating "we disagree with the Commonwealth's application of *Bradley* and *Hubbard*. *Bradley* uses *Hubbard* as a foundation, not a straitjacket"); *see also id.* at 10 (stating "if we were to apply *Clemmons* directly to this case, the Superior Court would be required to assess the merits of Greer's pro se allegations, which include claims that Attorney Tambourino failed to raise certain issues on appeal, even though (continued…)

agree with the Majority's analysis in this regard. The Superior Court was not required to address issues that did not require further development before remanding to the PCRA court in this scenario. Despite having answered the question we accepted for review, the Majority did not stop there.

When Attorney Tambourino learned of Greer's wish to raise his ineffectiveness, he advised the Superior Court of that fact and applied for a remand before the briefing schedule was issued.[3] Before the Superior Court responded to the application for remand, it issued a briefing schedule. Brief Schedule Order, 4/28/2022. Shortly thereafter, the Superior Court issued a per curiam order deferring disposition to the merits panel. Order, 5/4/2022, at 1 (emphasis in original).

However, because the court had already issued a briefing schedule, Attorney Tambourino was required to file a merits brief in which he only raised claims preserved in Greer's Pa.R.A.P. 1925(b) statement. *See* Greer's Superior Court Brief at 4 n.1 ("After further review of the record and the trial court's [Rule] 1925(a) Opinion, counsel has proceeded only on [i]ssues [raised in] the [Rule]1925(b) [s]tatement[.]"). Nonetheless, the application for remand was still pending before the Superior Court panel, and the panel ultimately granted the application. *Greer,* 2022 WL 11514559 at *2 ("Thus, we agree with Attorney Tambourino that we must remand for the PCRA court to appoint [Greer] new counsel who can assist him in raising his PCRA-counsel ineffectiveness claims on appeal.").

---

Attorney Tambourino may have exercised professional judgment in deciding not to present those issues. This Court explicitly rejected such a procedure in *Jette*[.]") (citing *Commonwealth v. Jette*, 23 A.3d 1032, 1040-42 (Pa. 2011)).

3 *See* Application for Remand, 4/21/2022, at 6 ("Under the circumstances, undersigned counsel believes remand is necessary so that the PCRA Court may conduct a hearing to determine whether [Greer] should be appointed new PCRA counsel for his PCRA appeal.").

The Majority states that "when faced with a clear indication that Greer wished to pursue claims of Attorney Tambourino's ineffectiveness," the Superior Court "should have immediately remanded the case to the PCRA court for an on-the-record assessment of Greer's rights and wishes[,]" and that "[o]nly after clarifying Greer's representation status can a proper merits brief be filed." Majority Op. at 7-8. Indeed, had nothing else occurred in the Superior Court, I would be inclined to agree with the Majority that a remand for a *Grazier* hearing was required.[4] At that stage, the Superior Court knew only that Greer sought to raise additional IAC claims targeting Attorney Tambourino. Although nothing from the record available at that time indicated that Greer desired to proceed pro se, Attorney Tambourino's continued representation of Greer presented a conflict of interest that **potentially** implicated our jurisprudence that counseled toward a remand for a *Grazier* hearing.[5] But there were subsequent procedural developments in this case that resolved any ambiguity regarding whether Greer desired then or now to proceed pro se.

Before seeking this Court's review, the Commonwealth filed an application for reargument before the Superior Court. On the same day, Attorney Tambourino filed another application on Greer's behalf asking the Superior Court to remand to the PCRA court for the appointment of new appellate PCRA counsel. Application for Remand, 11/03/2022, at 3-4. The Superior Court granted that application, and the PCRA court appointed Greer's current counsel, Brandy Hoke, Esquire. Order Appointing PCRA Counsel, 11/16/2022, at 1.

---

[4] Although I agree with the Majority that the Superior Court should have addressed the remand application before setting the briefing schedule, neither the briefing schedule order nor the order deferring a decision on the remand application are the subject of the question we granted for review.

[5] The Majority makes a similar observation, admitting that "the application for remand did not explicitly seek pro se status for Greer. However, read as a whole, the application raised the possibility that Greer may have preferred proceeding pro se to pursue his claims of Attorney Tambourino's ineffectiveness." Majority Op. at 8-9.

Attorney Hoke subsequently filed an answer to the Commonwealth's application for reargument on Greer's behalf. Therein, Greer argued that the Superior Court panel

> did not err in remanding [Greer]'s case without deciding the preserved and briefed issues on appeal. Remanding the case will allow for the record to be more fully developed and allow for the disposition of any and all newly-raised ineffectiveness claims, both against trial counsel and PCRA counsel, to be fully litigated prior to appellate court review.

Greer's Answer to Application for Reargument at 5. Greer further contended that "remand for appointment of new counsel is appropriate and the Panel's decision need not be vacated and reargued." *Id*. at 7. Likewise, in the brief submitted to this Court, Greer continues to urge "this Court to affirm the decision of the Superior Court to remand this case to the PCRA court to hold an evidentiary hearing on issues concerning the stewardship of PCRA counsel." Appellee's Brief at 11.

Accordingly, in my view, whatever doubts previously existed regarding Greer's potential desire to proceed pro se in this case have fully dissipated. Greer is currently represented by Attorney Hoke and, thus, there is no potential conflict of interest presented by current counsel. Furthermore, Greer's current counsel has clearly articulated Greer's desire to litigate his new IAC claims before the PCRA court in the first instance and neither Attorney Hoke nor Greer has expressed any opposition to the Superior Court's order directing the PCRA court to appoint new counsel on his behalf for that purpose. There is no longer any reason to remand for a *Grazier* hearing.

Moreover, the Majority reverses the Superior Court under the assumption that Greer may want to proceed pro se with the current appeal. Majority Op. at 12 (stating "the Superior Court's decision … remove[s] this option from Greer in contravention of our precedent"). Given the counseled opposition to reargument before the Superior Court

and in this Court, there is no longer any reason to proceed under that assumption. I would simply affirm the Superior Court's order.[6]

Thus, while I agree with the Majority's resolution of the question presented for our review, I respectfully dissent from its decisions to reverse the Superior Court's order and remand for a *Grazier* hearing.

Justice Brobson joins this concurring and dissenting opinion.

---

[6] In response, the Majority speculates that "Greer may, at a later date, claim that he was denied the opportunity to proceed pro se" and that such an occurrence "would further delay and complicate these protracted proceedings." Majority Op. at 12 n.5. As discussed, Greer's current counsel has twice represented Greer's satisfaction with the relief provided by the Superior Court and there is no reason to question those representations.